**The below described is SIGNED.**

**Dated: March 31, 2011**

_____
**R. KIMBALL MOSIER
U.S. Bankruptcy Judge**

Steven C. Tycksen, #3300
Chad C Shattuck, #9345
**TYCKSEN & SHATTUCK, L.C.**
12401 South 450 East, Unit E1
Draper, Utah 84020
Telephone: 801-748-4081
Facsimile:    801-748-4087

Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In Re: | Bankruptcy No. 09-30365 |
|---|---|
| **PONY EXPRESS RV RESORT, LLC,** | **(Chapter 11)** |
|  | **Judge R. Kimball Mosier** |
| Debtor. | **Filed Electronically** |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above entitled matter came on regularly for confirmation hearing on Wednesday, the 16th day of March, 2011, before the Honorable R. Kimball Mosier, United States Bankruptcy Court Judge, presiding. The Debtor, through Dana Howland, its Manager, appeared in person and by its attorney, Chad C Shattuck. Roger Tepen, as agent for Creditor, Midland States Bank, appeared accompanied by Midland's attorney, Mona Burton.

Midland States Bank filed an Objection to the Confirmation of the Debtor's Plan of Reorganization. Debtor orally modified the Plan reducing the term of the Plan to 36 months.

1

The Court received evidence on behalf of the Debtor and the parties having reached an agreement resolving the objection of Midland States Bank, and there being no other objection to confirmation, the Court being fully advised in the premises now makes and enters its Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1. Notice of the confirmation hearing was properly given.

2. The Debtor is in compliance with Title 11 of the U.S. Bankruptcy Code.

3. The Debtor's Plan of Reorganization was submitted in good faith and complies with Title 11 of the U.S. Bankruptcy Code.

4. The Plan has been proposed in good faith and not by any means forbidden by law.

5. Any payment made or to be made by the proponent (the debtor), or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by or is subject to the approval of, the court as reasonable.

6. The proponent of the Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor, or a successor to the debtor under the Plan and the appointment to, or continuance in, such office of such individual is consistent with the interests of creditors and equity security holders and with public policy.

7. The identification of any insiders was disclosed.

8. Ballots were solicited and filed and all impaired classes that cast a vote accepted the Plan.

9. With respect to each class of claims or interests having voted on the Plan, such class has accepted the Plan.

10. With respect to the Davis County Treasurer's claim (a section 507(a)(8) claim) it will receive on account of such claim regular installment payments in cash over a period ending not later than five years after the date of the order for relief, in a manner not less favorable than the most favored non-priority unsecured claim provided for by the Plan.

11. The Debtor is not likely to require further liquidation, and financial reorganization is contemplated within the Plan.

12. All fees due to the bankruptcy court have been paid.

13. There are no retiree benefits.

14. Creditors of the Debtor are receiving as much or more under the Plan than they would be entitled under a Chapter 7 liquidation.

15. The Debtor's Plan has satisfied all of the requirements of Section 1129(a).

**From the foregoing Findings of Fact, the Court now makes and enters its,**

### CONCLUSIONS OF LAW

1. The Court concludes that the modification of the term of the Plan from a 60-month term to a 36-month term is not adverse to the creditors and does not constitute a material

change that would require re-noticing by serving the modified Plan on creditors and re-setting the confirmation hearing.

2. The Court concludes that all of the applicable factors set forth in 11 U.S.C.A. § 1129(a) of the U.S. Bankruptcy Code are satisfied and, therefore, the debtor is entitled to an Order Confirming Plan upon the grounds set forth in the Findings of Fact. Said Order shall become final upon its entry.

DATED this _____ day of March, 2011.

BY THE COURT:

_____
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW** was electronically filed on March 23, 2011. Notice of this filing will be sent via U.S. mail to the following and to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system:

Gerald E. Hess
Davis County Attorney's Office
PO Box 618
Farmington Utah 84025

C&A Construction Company, Inc.
3000 North University Avenue
Suite 200
Provo, UT 84604

Electrical Wholesale Supply
158 East 4500 South
Salt Lake City, UT 84157

Gary R. Benyon Profit Sharing
& Orion Enterprises, Inc.
2838 East 4215 South
Salt Lake City, UT 84124

Greene's, Inc.
1065 West 750 South
Woods Cross, UT 84087

Harper Ready Mix
PO Box 18400
Salt Lake City, UT 84118-0400

Davis County Treasurer
28 East State Street
Farmington, UT 84025

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia, PA 19114-0326

Marble Rock
206 South 96th Street
Omaha, NE 68114

OMNI Western Loan Fund
3123 West 10200 South
South Jordan, UT 84095

Preston Resources
206 South 96th Street
Salem, UT 84653

Ralph Hamilton & Sons, Inc.
Attn: Lowell Hamilton
6523 West 13400 South
Herriman, UT 84065

Robert Vonderharr
1245 Brickyard Road, Suite 160
Salt Lake City, Utah 84106

Stock Building Supply West, Inc.
Stock Administrative Offices
1843 West 4000 South
Roy, UT 84067

/s/ Lori Loumis

5